RECEIVED
IN LAKE CHARLES, LA

OCT 19 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20089 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| ISRAEL BAUTISTA ROMERO & LARRY GONZALEZ | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is a Second Motion to Sever by the defendants, Israel Bautista Romero ("Romero") and Larry Gonzalez ("Gonzalez").

This is a sixteen defendant case which has been pending since the indictment was filed on August 6, 2006. On February 8, 2007, Romero filed a motion to sever alleging that the Government was using its failure to apprehend certain co-defendants as a means to deny Romero a speedy trial. The Motion to Sever was denied.

On August 15, 2007, during a hearing on a co-defendant's motion to continue the trial, counsel for Romero stated during a hearing that he needed additional time to review the voluminous discovery. At that hearing the only defendant who expressed a desire for an earlier trial date was Gonzalez.

On August 17, 2007, Gonzalez moved to sever his case from his co-defendants because the criminal conduct of which he was accused was conduct for which he had already been convicted in another court and for which he had been serving a sentence over the past five years.

On August 21, 2007, the Government, while opposing Gonzalez's motion, moved to sever

Romero and Tomas Silva ("Silva") premised upon the fact that both gave separate confessions to state and federal agents in which they implicated co-defendants. Neither of these confessions implicated Gonzalez. On August 23, 2007, the court issued an order severing the trial of Romero, Gonzalez and Silva from the remaining defendants.

Romero and Gonzalez have filed a second motion to sever arguing that the substantive count against Romero involves an incident that occurred while Gonzalez was incarcerated. The defense argues that there is no evidence that Romero and Gonzalez were "directly or indirectly involved in the specific acts of the other." The defense further argues that there is no evidence that either of these defendants was involved with Silva. Silva's charged activity allegedly began in 2004. There is no allegation or evidence that Romero or Gonzalez committed any crimes after their arrests in 2002. Silva has been charged with possessing a firearm, while Romero and Gonzalez have not.

Romero has filed a motion to continue. Gonzalez seeks to be tried on the October 29, 2007 trial date.

Count 1 of the indictment charges all sixteen defendants with conspiring to possess with intent to distribute cocaine, marijuana, ecstacy and other controlled substances from the 1st day of January, 2002, through the first day of August, 2006. Although Gonzalez has allegedly been incarcerated since 2002,[1] his involvement in that conspiracy did not end with his arrest and incarceration, because there is no evidence that he withdrew from the conspiracy at any time prior to August 1, 2006, when the conspiracy ended. *See, e.g., United States v. Puig-Infante,* 19 F.3d 929, 945 (5th Cir.) ( defendant is presumed to continue involvement in conspiracy unless he

---

[1] Likewise, Romero alleges that there is no evidence of his criminal activity after 2002 "when he was arrested." There is no evidence of when Romero was incarcerated, nor is there evidence that he withdrew from the conspiracy at any given time.

makes a substantial, affirmative showing of withdrawal, abandonment, or defeat of the conspiratorial purpose; even after arrest and incarceration, a conspirator continues to be responsible for acts committed by co-conspirators unless he has withdrawn; and withdrawal requires commission of affirmative acts inconsistent with object of conspiracy that are communicated in a manner reasonably calculated to reach co-conspirators), *cert. denied,* 513 U.S. 864, 115 S.Ct. 180, 130 L.Ed.2d 115 (1994); *United States v. Killian,* 639 F.2d 206, 209 (5th Cir.) (same), *cert. denied,* 451 U.S. 1021, 101 S.Ct. 3014, 69 L.Ed.2d 394 (1981).

The joinder of Romero, Gonzalez and Silva for trial is legitimate because they were charged with having conspired with each other. *United States v. Thomas,* 12 F.3d 1350, 1363 (5th Cir.), *cert. denied sub nom. Sanchez v. United States,* 511 U.S. 1095, 114 S.Ct. 1861, 128 L.Ed.2d 483 (1994); *United States v. Elam,* 678 F.2d 1234, 1250 (5th Cir.1982). There is no allegation that any of these three defendants will receive an unfair trial by virtue of their joinder or that they will suffer compelling prejudice against which the trial court will be unable to afford protection. *U.S. v. Polk,* 56 F.3d 613, 632 -633 (C.A.5 (Miss.), 1995); *United States v. Salomon,* 609 F.2d 1172, 1175 (5th Cir.1980). An defendant must show more than the fact that a separate trial might offer him a better chance of acquittal. *United States v. Berkowitz,* 662 F.2d 1127, 1132 (5th Cir.1981). In this case, the government has alleged that these defendants, among others, are guilty of conspiracy. Even if some risk of prejudice exists, the court may properly instruct the jury to limit evidence to the

appropriate defendant. Accordingly, the second Motion to Sever will be denied.

Lake Charles, Louisiana, this 18 day of October, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE